[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-15549
Non-Argument Calendar

_____

D.C. Docket No. 0:14-cv-62589-DLB

STEPHANIE ROBERSON,

Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 6, 2017)

Before WILSON, JORDAN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

On October 13, 2011, Stephanie Roberson filed for disability-based Supplemental Security Income (SSI), alleging that she became disabled in 1999. An Administrative Law Judge (ALJ) issued Roberson a partially favorable ruling. The ALJ found Roberson disabled but concluded that the date of onset of her disability was July 15, 2013.  Therefore, the ALJ held that Roberson did not become disabled under the Social Security Act (the Act) until that date.  Roberson sought review by the district court of the ALJ's decision, and the district court affirmed.  Proceeding pro se, she now appeals the district court's affirmance.

Roberson argues that the ALJ erred in holding that her date of disability under the Act is July 15, 2013.  She claims her date of disability is October 13, 2011—the date she filed for SSI benefits.  According to Roberson, when an SSI claimant is found disabled, the disability determination applies retroactively to the date of the claimant's SSI application.  We disagree.  The relevant date when determining disability status under the Act is the date of the actual onset of disability.  *See Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam) ("[A] claimant becomes eligible [for SSI benefits] in the first month where she is both disabled and has an SSI application on file.); 20 C.F.R. § 416.200 ("You are eligible for SSI benefits if you meet all the basic requirements listed in § 416.202[, which include being disabled]. . . .  [T]he first month for which you may receive SSI benefits is the month after the month in which you meet these

2

eligibility requirements.").  The ALJ did not err in finding that Roberson's date of disability under the Act is July 15, 2013.[1]

**AFFIRMED.**

---

[1] To the extent that Roberson challenges the ALJ's determination that she did not meet the criteria for disability until July 15, 2013, we conclude that substantial evidence supports the ALJ's determination.  *See Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (per curiam) ("If [an ALJ]'s decision is supported by substantial evidence, this [c]ourt must affirm . . . ." (internal quotation marks omitted)).